UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

RICHARD ANTHONY PACLI,

          Defendant.

No. 2:12-CR-272 WBS

ORDER

----oo0oo----

Defendant Richard Anthony Pacli has filed an Application for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in which he seeks a 37-month reduction to his sentence, equal to the time remaining on his original sentence, such that he would be immediately released to "home confinement/supervised release."  (Docket No. 76.)

In order to receive a sentence reduction under § 3582(c)(1)(A)(i), defendant must show that "extraordinary and compelling reasons warrant [] a reduction" in defendant's sentence.  Defendant has not done so.  The court agrees that as a

1

general matter, the COVID-19 pandemic is an extraordinary event. However, defendant is only 43 years old, and while he claims he has a pre-existing medical condition that places him at a higher risk of contracting the virus, he does not identify that condition, much less provide any evidence that he is in fact at a higher risk.[1]

Simply put, defendant's arguments regarding the risk of contracting COVID-19 would apply to just about every prisoner in confinement at his current correctional facility, and likely at a majority of federal correctional institutions.[2]  Notwithstanding the unprecedented dangers posed everywhere by the coronavirus, under these circumstances, defendant has not shown extraordinary and compelling reasons warranting his release at this time.

///

_____

[1]   Defendant's motion does refer to (1) an unidentified condition for which he was scheduled to have abdominal surgery in October 2017, and (2) unidentified complications that prevented the surgery.  (Mot. 8.)  Defendant also claims that he needs to be released to home confinement or supervised release "so that, [sic] he can get the surgery he needs before complications from his abdominal [sic] cause more severe problems or death."  (Id.) However, it is unclear why these alleged conditions, for which defendant provides no evidence, put him more at risk for contracting COVID-19.  Nor does defendant explain why the Bureau of Prisons is unable or unwilling to provide him the abdominal surgery he claims is necessary, especially where the Bureau apparently previously scheduled such surgery.

[2]   The court also notes that according to the Bureau of Prisons website, defendant's current institution is listed as having only 8 current cases of COVID-19 out of 1,398 total inmates.  See Federal Bureau of Prisons, COVID Cases, https://www.bop.gov/coronavirus/ (last visited May 19, 2020); Federal Bureau of Prisons, FTC Oklahoma City, https://www.bop.gov/locations/institutions/okl/ (last visited May 19, 2020).

IT IS THEREFORE ORDERED that defendant's motion under 18 U.S.C. § 3582 (c)(1)(A)(i) (Docket No. 76) be, and the same hereby is, DENIED.

Dated:  May 19, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE